CAUSE NO. 23-40340

==================================================

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

==================================================

MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED,
PLAINTIFF-APPELLEE,

V.

ITZA FLORES; AMBROSIO "AMOS" HERNANDEZ; RICARDO MEDINA;
DANIEL CHAVEZ; RAMIRO CABALLERO; ROBERTO "BOBBY"
CARRILLO,
DEFENDANTS-APPELLANTS.

==================================================

On Appeal from the United States District Court
For the Southern District of Texas – McAllen Division
Civil Action No. 7:21-CV-00445

==================================================

**APPELLANTS' BRIEF**

==================================================

ROBERT L. DRINKARD
RICARDO J. NAVARRO
**DENTON NAVARRO ROCHA
BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
Telephone: (956) 421-4904
Facsimile; (956) 421-3621
COUNSEL FOR APPELLANTS
ITZA FLORES, AMBROSIO
HERNANDEZ, RICARDO MEDINA,
DANIEL CHAVEZ, RAMIRO
CABALLERO AND
ROBERTO CARRILLO

<u>**CERTIFICATE OF INTERESTED PERSONS**</u>

Appellants/Trial Court Defendants:

    Itza Flores
    Ambrosio Hernandez
    Ricardo Medina
    Daniel Chavez
    Ramiro Caballero
    Roberto Carrillo

Counsel:

    Robert L. Drinkard
    Ricardo J. Navarro
    Denton Navarro Rocha Bernal & Zech, P.C.
    701 E. Harrison, Ste. 100
    Harlingen, Texas 78550
    Telephone: (956) 421-4904
    Facsimile: (956) 421-3621
    Email: rldrinkard@rampagelaw.com; rjnavarro@rampagelaw.com

Appellees / District Court Plaintiff:

Med Care Emergency Medical Services, Inc.

Counsel:

Francisco R. Canseco
Attorney At Law
19 Jackson Court
San Antonio, Texas 78230
Telephone: 210.901.4279
Email: fcanseco@gmail.com


By:   /S/Robert L. Drinkard
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
Fed I.D. No. 23712
rldrinkard@rampagelaw.com

By:   /S/Ricardo J. Navarro
RICARDO J. NAVARRO
Of Counsel
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com

**COUNSEL FOR APPELLANTS
ITZA FLORES, AMBROSIO
HERNANDEZ, RICARDO MEDINA,
DANIEL CHAVEZ, RAMIRO
CABALLERO AND
ROBERTO CARRILLO**

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellants/ Defendants Itza Flores, Ambrosio Hernandez, Ricardo Medina, Daniel Chavez, Ramiro Caballero and Roberto Carrillo do not request an oral argument.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................. iii

TABLE OF CONTENTS ........................................................................ iv

TABLE OF AUTHORITIES .................................................................. vi

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................. 2

STATEMENT OF THE CASE ................................................................. 2

A.    Underlying Case/Procedural History & Facts Relevant to the Issues .............. 2

     1. Procedural History ................................................................. 2

     2. Facts Relevant to the Issues ................................................. 4

B.    Rulings Presented for Review ................................................... 4

SUMMARY OF THE ARGUMENT .................................................... 5

ARGUMENT ....................................................................................... 5

A.    District Court erred in denying City Commission Defendants' Rule 12 Motion to Dismiss for Failure to State a Claim for Relief .................................. 5

     1.    Standard of Review for Rule 12 Qualified Immunity Motions ................................................................. 5

B.    Qualified Immunity ................................................................... 6

C.    Pleading does not overcome Qualified Immunity with respect to specific acts taken by each individual Defendant ................................ 9

D.    Pleading does not overcome Qualified Immunity with respect to Fifth Amendment rights ............................................................... 11

E.    Pleading does not overcome Qualified Immunity with respect to Fourteenth Amendment rights ............................................... 11

F.    Pleading does not overcome Qualified Immunity with respect to Anti-Trust Claims ........................................................................................... 19

CONCLUSION ........................................................................................22

CERTIFICATE OF COMPLIANCE .......................................................24

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Ashcroft v Iqbal*, 556 U.S. 62 (2009) ..............................................................1, 2, 3, 6

*Ayala v. City of Corpus Christi*, 507 S.W.2d 324 (Tex.Civ.App.—
   Corpus Christi 1974, no writ) ..........................................................................17

*Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir.2001) ............................................12

*Bell Atlantic Corp. V. Twombly*, 50 U.S. 544 (2007) ........................................1, 3, 6

*Brantley v. City of Dallas*, 545 S.W.2d 284, 286 (Tex.Civ.App.—
   Amarillo 1976)..................................................................................................18

*Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) ..................................................5

*Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933
   F.2d 853, 856 (10th Cir. 1991) .........................................................................21

*Cent. Ambulance Serv., Inc. v. City of Dallas*, 631 F. Supp. 366, 369
   (N.D. Tex. 1986)................................................................................................20

*City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.
   1982) .................................................................................................................16

*City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, —
   — – ——, 111 S.Ct. 1344, 1346–47, 113 L.Ed.2d 382 (1991) ....................21

*City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413,
   98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978)...................................................20

*City of San Juan v. Gonzalez*, 22 S.W.3d 69, 75 (Tex.App.-Corpus
   Christi 2000) .......................................................................................................8

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,*
   131 F.3d 353, 361 (3d Cir. 1997), *aff'd,* 527 U.S. 666, 119 S.
   Ct. 2219, 144 L. Ed. 2d 605 (1999)..................................................................16

*Colston v. Barnhart,* 130 F.3d 96, 99 (5th Cir.1997) ................................................7

*Consolidated Television Cable Serv., Inc. v. City of Frankfort,* 857
   F.2d 354, 361–62 (6th Cir.1988) ......................................................................21

*Cronen v. Texas Dept. of Human Servs.*, 977 F.2d 934, 939 (5th Cir. 1992) ............................................................................................7

*Durham v. State of North Carolina,* 395 F.2d 58 (4th Cir., 1968) ..........................15

*Energy Management Corp. v. City of Shreveport,* 467 F.3d 471, 481 (5th Cir.2006) .....................................................................................13

*FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir.1996).............................................................................................12, 13

*Gentry v. Howard*, 365 F. Supp. 567, 573 (W.D. La. 1973) .......................14, 15, 16

*Goodson,* 202 F.3d 730, 736 (5th Cir. 2000) ............................................................7

*Graham v. Connor,* 490 U.S. 386, 396, (1989) ........................................................7

*Hancock Indus. v. Schaeffer,* 811 F.2d 225, 234 (3rd Cir.1987) ...........................21

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)................................................7

*Hegeman Farms Corp. v. Baldwin,* 293 U.S. 163, 170, 55 S.Ct. 7, 9, 79 L.Ed. 259 (1934)......................................................................................15

*Helena Water Works Co., v. Helena*, 195 U.S. 383, 392 (1904) ............................15

*Hunter v. Bryant*, 502 U.S. 224, 228 (1991).............................................................8

*Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir.2000)....................................11

*Kipps v. Caillier*, 197 F.3d 765, 769 (5 Cir. 1999), *reh'g en banc denied),* 205 F.3d 203 (5th Cir. 2000) ...............................................................8

*Mahone v. Addicks Utility District of Harris County,* 836 F.2d 921, 929 (5th Cir.1988) ....................................................................................12

*Malley v. Briggs*, 475 U.S. 335, 341 (1986) .............................................................8

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 938 (Tex. 1998) ........................16

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir.2002).......................18

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ................................................2, 3, 8

*Morin v. Caire,* 77 F.3d 116, 120 (5th Cir.1996) ...................................................11

*Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) ......................19

*Person v. Callahan*, 555 U.S. 223 (2009)...................................................................8

*R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005) ......................................................................................................18

*Reich v. Beharry,* 883 F.2d 239, 242 (3d Cir.1989) ...............................................15

*Shelton v. City of College Station,* 780 F.2d 475, 477 (5th Cir.) (*en banc*) ...................................................................................................12, 13

*Siegert v. Gilley,* 500 U.S. 226 (1991)......................................................................7

*Simi Investment Co., Inc. v. Harris County, Texas,* 236 F.3d 240, 250–251 (5th Cir.2000) ...........................................................................13

*South Gwinnett Venture v. Pruitt,* 491 F.2d 5, 7 (5th Cir.) (*en banc*) .....................12

*Tamez v. City of San Marcos*, 118 F.3d 1085, 1091-92(5th Cir. 1997)...................7

*Town of Ascarate v. Villalobos*, 148 Tex. 254, 223 S.W. 2d. 945 (1949)..........................................................................................................17

*Town of Hallie v. City of Eau Claire,* 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985)........................................................................................20

*Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 537 (Tex. 2016)....................16

*Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926)........................................................13

*Williamson v. Lee Optical of Oklahoma, Inc*., 348 U.S. 483, 487-88, 75 S. Ct. 461, 99 L. Ed. 563 (1955)...........................................................17

**Statutes**

28 U.S.C. § 1291 .......................................................................................................2, 3

42 U.S.C. §1983 .........................................................................................................1, 2

Fed. R. Civ. P. 12(b)(1).............................................................................................3

Fed. R. Civ. P. 12(b)(6).............................................................................................3, 5

Federal Rule of Appellate Procedure 28 ...................................................24

Federal Rule of Appellate Procedure 32 ...................................................24

Tex. Civ. Prac & Rem Code Sec. 101.0215 ............................................20

Tex. Loc. Govt Code Sec. 252.022 ..........................................................20

## <u>STATEMENT OF JURISDICTION</u>

Plaintiff-Appellee Med Care EMS brought this lawsuit pursuant to 42 U.S.C. §1983 in the United States District Court for the Southern District of Texas, McAllen Division. This lawsuit arose from the City of Pharr City Commission's passing of a Resolution/Ordinance in April 2021 to purchase assets from a private ambulance company in order for the City to provide EMS services to its residents; and subsequent passage in May 2021 of an Ordinance regulating emergency ambulance service operation both for the City's EMS and private ambulance providers, in the city limits of Pharr. ROA.500-511; ROA.142-172.[1]

After a series of Rule 12 Motions to Dismiss, Plaintiff amended its Complaint several times before seeking leave to file a Third Amended Complaint, which was granted and deemed filed on July 7, 2022. ROA.500-511. On April 12, 2023 Individual Defendant City Commission members, also including the City of Pharr, through counsel, filed their Fed. R. Civ. P. 12(b)(6) and 12(b)(1) Motion to Dismiss Plaintiff's Third Amended Complaint, pursuant to the United States Supreme Court's decisions in *Bell Atlantic Corp. V. Twombly*, 50 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 62 (2009) and the doctrine of qualified immunity. ROA.607-633.

---

[1] The Court can take judicial notice of these ordinances, resolutions and City Commission minutes as part of the record and further Plaintiff specifically refers to them in its Complaint and said Ordinances and resolutions are a central basis of Plaintiff's allegations. 23-40340.500-511

On May 4, 2023, the Court orally denied Defendants' Motion to Dismiss the Plaintiff's Complaint and the oral denial was docketed. ROA.13-14. This interlocutory appeal timely ensued on June 2, 2023 pursuant to 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Iqbal*, 556 U.S. at 671-675 (2009). Consequently this is an interlocutory appeal regarding the Individual Defendants' qualified immunity and is not a final appeal disposing of all claims against all Parties in the lawsuit.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Issue No. 1.          Did the Court err when it denied Defendants' Rule 12(b)(6) and 12(b)(1) Motion to Dismiss urging qualified immunity on behalf of the Individual Defendants?

## STATEMENT OF THE CASE

**A.    Underlying Case/Procedural History & Facts Relevant to the Issues**

**1. Procedural History**

Plaintiff-Appellee Med Care EMS brought this lawsuit pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Texas, McAllen Division. ROA.500-511. This lawsuit arose from the City of Pharr City Commission's passing of a resolution/ordinance in April 2021 to purchase assets from a private ambulance company in order for the City to provide EMS services to its residents; and subsequent passage of an ordinance regulating ambulance service operations in the City. ROA.500-511. Plaintiff filed its Original Petition in State

Court in November 2021; and after amending its Petition, Defendants removed the lawsuit to federal court. ROA.16-284.

After a series of Rule 12 Motions to Dismiss, Plaintiff amended its Complaint several times before seeking leave to file a Third Amended Complaint, which was granted and deemed filed on July 7, 2022. ROA.500-511. On July 8, 2022, Individual Defendant City Commission members, also including the City of Pharr, through counsel, filed their Fed. R. Civ. P. 12(b)(6) and 12(b)(1) Motion to Dismiss Plaintiff's Original Complaint, pursuant to the United States Supreme Court's decisions in *Bell Atlantic Corp. V. Twombly*, 50 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 62 (2009) and the doctrine of qualified immunity. ROA.516-543. At the request of the District Court, Defendants re-filed their Fed. R. Civ. P. 12(b)(6) and 12(b)(1) Motion to Dismiss on April 12, 2023. ROA.607-633. On August 3, 2023, Plaintiff filed its Response to Defendants' Motion to Dismiss. ROA.551-566. On August 10, 2023, Defendants filed their Reply in Support of their Rule 12(b)(6) and 12(b)(1) Motion to Dismiss Plaintiff's Complaint. ROA.568-577.

On May 4, 2023, the Court orally denied Defendants' Motion to Dismiss the Plaintiffs' Complaint and the oral denial was docketed. ROA.13-14. This interlocutory appeal timely ensued on June 2 pursuant to 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Iqbal*, 556 U.S. at 671-675 (2009).

**2. Facts Relevant to the Issues**

The City of Pharr, Texas is a Home-Rule City under Texas law. On April 26, 2021, the City of Pharr's Board of Commissioners approved the purchase of assets by the City of Hidalgo County EMS company ("HCEMS"). ROA.163-172; ROA.500-511. Subsequently, on May 17, 2021, the Pharr Board of Commissioners enacted Ordinance No. O- 2021-27 ("the Ordinance") declaring the City of Pharr as the City's sole provider of emergency ambulance service for the health, safety, and wellness of its citizens and requiring permitting for private ambulance service operators in the City of Pharr. ROA.142-162; ROA.500-511.[2]

**B.     Rulings Presented for Review**

The Court denied the Defendants' Motion to Dismiss on May 4, 2023. ROA.13-14. Included within the Defendants' Motion to Dismiss was an assertion of the Individual Defendant City Commission members' entitlement to qualified immunity for simply voting to pass a Resolution and then an Ordinance regulating ambulance service operation in Pharr. ROA.607-633. It is the Court's denial of the Individual City Commission members' qualified immunity in the Motion to Dismiss that is presented for review with this interlocutory Appeal.

---

[2] The Court can take judicial notice of these ordinances, resolutions and City Commission minutes as part of the record and further Plaintiff specifically refers to them in its Complaint and said Ordinances and resolutions are a central basis of Plaintiff's allegations. ROA.500-511.

## SUMMARY OF THE ARGUMENT

The Plaintiff's Complaint does not overcome the Individual Defendant City Commissioner's qualified immunity because there is no clearly established right violated or alleged to have been violated by the City Commission members when they voted to pass a resolution authorizing the City of Pharr to purchase ambulance company assets or when they voted to pass an ordinance regulating the operation of City of Pharr EMS services and private ambulance services within the City of Pharr.

## ARGUMENT

**A.    District Court erred in denying City Commission Defendants' Rule 12 Motion to Dismiss for Failure to State a Claim for Relief**

**1.  Standard of Review for Rule 12 Qualified Immunity Motions**

The appellate Court reviews the district court's denial of the qualified immunity defense de novo. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. In an interlocutory appeal, such as this, of a denial of qualified immunity, the Court is to "consider only whether a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id*. (internal citations removed).

Fed. R. Civ. P. 12(b)(6) contemplates dismissal for a plaintiff's "failure to state a claim upon which relief can be granted." According to the United States Supreme Court, "only a complaint that states a plausible claim for relief survives a

[Rule 12(b)(6)] motion to dismiss." *Iqbal*, 556 U.S. 662, 679 (*citing Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (emphasis added). To determine "whether a complaint states a plausible claim for relief . . . [is a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 678. In fact, a 12(b)(6) motion should be granted "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. The law stands that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact.'" *Id*. at 678 (*citing Twombly*, *supra*). However, the question appears to remain open as to what the correct result should be when a Court's duty to accept all factual allegations as true, *id*., directly conflicts with its duty to draw reasonable inferences and draw on its judicial experience and common sense in determining that the facts alleged do not rise above the mere possibility of misconduct.

**B.  Qualified Immunity**

Under federal law, Individual Defendants are entitled to the affirmative defense of qualified immunity. The defense of qualified immunity protects government officials "performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). "In order to evaluate the 'clearly established law' prong of the qualified immunity test, the court must ask whether, at the time of the incident, the law clearly established that such conduct would violate the right. Additionally, "an official acts within his discretionary authority when he performs nonministerial acts within the boundaries of his official capacity." *Tamez v. City of San Marcos*, 118 F.3d 1085, 1091-92(5th Cir. 1997); *Cronen v. Texas Dept. of Human Servs.*, 977 F.2d 934, 939 (5th Cir. 1992).

To overcome the qualified immunity of each Defendant, Plaintiff must demonstrate that each Defendant's alleged misconduct was in violation of a clearly established constitutional right under the current state of the law and that this conduct was not objectively reasonable in light of "clearly established" law at the time of the alleged violation. *Goodson,* 202 F.3d 730, 736 (5th Cir. 2000) (citing *Siegert v. Gilley,* 500 U.S. 226 (1991)). Under applicable federal law, public officials performing discretionary functions are entitled to qualified immunity, shielding them from civil liability, as long as their actions meet an "objective reasonableness" standard. *Graham v. Connor,* 490 U.S. 386, 396, (1989). This standard requires a two-step analysis. First, the Court must determine whether there is an alleged violation of a clearly established constitutional right. *See Colston v. Barnhart,* 130 F.3d 96, 99 (5th Cir.1997). If there is, the Court must determine whether the

government official's "actions were objectively reasonable in light of clearly established law," entitling him to qualified immunity. *Id.*; *City of San Juan v. Gonzalez*, 22 S.W.3d 69, 75 (Tex.App.-Corpus Christi 2000).

The qualified immunity defense "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The qualified immunity determination is only concerned with the objective reasonableness of the public official's actions, not the subjective beliefs of the plaintiff. *See Kipps v. Caillier*, 197 F.3d 765, 769 (5 Cir. 1999), *reh'g en banc denied),* 205 F.3d 203 (5th Cir. 2000). In other words, an individual who reasonably commits a constitutional violation is entitled to qualified immunity.

Qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511 (1985). In addressing the purpose behind the qualified immunity doctrine the Supreme Court has stated, "We have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," *Person v. Callahan*, 555 U.S. 223 (2009). Additionally, "We repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Person*, 555 U.S. at 232.

**C.    Pleading does not overcome Qualified Immunity with respect to specific acts taken by each individual Defendant**

In the Third Amended Complaint, Plaintiff improperly and inaccurately alleges that the City Defendants fraudulently "purchased HCEMS" and not its assets, and claims the Ordinance regulating ambulance services in Pharr is unconstitutional and unlawful. ROA.500-511. Notably with its allegations, Plaintiff alleges that each individual City Commission member violated its federal rights under the Fifth and Fourteenth Amendments and federal anti-trust statutes by presumably voting to pass the Resolution purchasing ambulance assets; and by voting to pass the Ordinance regulating ambulance service in Pharr. ROA.500-511. Although it is not even artfully pled that the simple act of voting as City Commission members are the "acts" taken by the Individual Defendants for which Plaintiff alleges violations of federal law, Defendants assume these are the acts for which they are being sued as no other specific acts taken by them are challenged or alleged to have violated Plaintiff's federal rights. It is arguable whether Plaintiff has even alleged that each individual City Commission actually did vote in favor of passing both the resolution and the ordinance at issue. ROA.500-511. To the extent this is not even properly alleged, the pleadings do not overcome each Commission member's qualified immunity.

Instead, Plaintiffs vaguely take issue with the individually named Defendants voting to pass a City resolution to purchase ambulance assets and then to voting to pass an ordinance to have the City operate its own EMS services- arguing some of

them violated various state statutes with regard to these votes. ROA.500-511. Assuming Plaintiff has adequately alleged that each individually named City Commission Defendant took specific actions to actually cast votes in favor of the resolution and ordinance, Plaintiff has failed to plead any specific non-conclusory facts that overcome each Defendant's qualified immunity for the acts of voting to pass the resolution and ordinance.

Plaintiff's Complaint does not satisfy pleading requirements imposed upon complainants who sue public officials in their individual capacities when qualified immunity is alleged. Plaintiff must plead facts with an eye towards demonstrating a clearly established violation of a constitutional right by each individually named defendant. The pleading must be sufficiently specific to apprise the Court, as well as the individually named defendant, what actions or actions allegedly amounted to a violation of a constitutional right. Further, the pleadings must demonstrate what constitutional right is at issue, and must further demonstrate that the right was "clearly established" at the time of the underlying alleged incident.

Plaintiff's Complaint did not plead facts regarding conduct that each individual Defendant supposedly engaged in that, if true- (voting in favor of passage of the resolution and ordinance)- would amount to a violation of a clearly established constitutional right. The Complaint thus fails to state a cognizable claim for relief against each of the individually named Defendants.

Plaintiff fails to plead facts that a clearly established constitutional right of its was violated by each of the Individual Defendants. Consequently, Plaintiff's pleading did not get past the first prong of the Defendants' qualified immunity as it has not pled nor shown a clearly established constitutional right violated by each of the individually named Defendants.

## D.    Pleading does not overcome Qualified Immunity with respect to Fifth Amendment rights

Plaintiff alleges a Fifth Amendment violation at the hands of each Individual City Commission Defendant for passing the resolution and ordinance. ROA.500-511.

The Fifth Amendment's due process clause applies only to violations of constitutional rights by the United States or a federal actor, and not to actions of a municipal government or its employees acting under color of state law *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir.2000); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir.1996). Consequently, as to the Individual City Commissioners, it was not clearly established law that passing resolutions and ordinances having to do with City operation and regulation of ambulance services would violate the Fifth Amendment. City Commission Defendants are entitled to qualified immunity as to this claim.

## E.    Pleading does not overcome Qualified Immunity with respect to Fourteenth Amendment rights

Plaintiff alleges a Fourteenth Amendment violation at the hands of each

Individual City Commission Defendant for passing the ambulance asset purchase resolution and the ambulance regulation ordinance. ROA.500-511. There is no clearly established law adequately pled to have been violated to overcome the Commission member Defendants' qualified immunity.

As to Plaintiff's Fourteenth Amendment due process claim, to be entitled to due process, a Plaintiff needs to present facts showing a deprivation of a property interest. *Mahone v. Addicks Utility District of Harris County,* 836 F.2d 921, 929 (5th Cir.1988). Procedural due-process guarantees are invoked when a state actor deprives an individual of a protected life, liberty, or property interest. *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir.2001) ("To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."). Substantive due process claims involving property rights are not sustainable if there exists "any conceivable rational basis" for the challenged legislative decision. *FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir.1996) *citing Shelton v. City of College Station,* 780 F.2d 475, 477 (5th Cir.) (*en banc*) and *South Gwinnett Venture v. Pruitt,* 491 F.2d 5, 7 (5th Cir.) (*en banc*).

In other words, governmental action implicating a protected property right comports with substantive due process if the action is rationally related to any

conceivable legitimate government objective. *Id.* (citations omitted); *Energy Management Corp. v. City of Shreveport,* 467 F.3d 471, 481 (5th Cir.2006); *Simi Investment Co., Inc. v. Harris County, Texas,* 236 F.3d 240, 250–251 (5th Cir.2000). "[T]he 'true' purpose of the [action], (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." *FM Properties,* 93 F.3d at 174. "The question is only whether a rational relationship exists between the [government action] and a *conceivable* legitimate objective." *FM Properties,* 93 F.3d at 174–175 (emphasis in original); *Simi Investment,* 236 F.3d at 251. "If the question is at least debatable there is no substantive due process violation." *Id.* (citations omitted). Moreover, only if government action is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," may it be declared unconstitutional. *FM Properties,* 93 F.3d at 174–175 *quoting Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926); *Shelton,* 780 F.2d at 483.

Plaintiff's pleadings fail because they do not plead facts supporting a claim for which relief can be granted as to either a substantive or procedural due process claim when the City passed Ordinances to purchase its own ambulance assets and required licenses for private ambulances to operate within the City. The ordinance and resolution themselves are completely lawful and violate no 14th Amendment due

process rights. Consequently, there is no clearly established law violated by any of the Individual Commission members in voting to pass the resolution/ordinances.

First, notably, Plaintiff does not plead that it had an exclusive franchise to operate ambulances within the City of Pharr-because it did not. ROA.500-511. Secondly, it is clear from the face of the pleadings and facts in the Complaint that a rational relationship exists between the City government action (ambulance regulation; providing of ambulance service) and a conceivable legitimate objective-efficient and affordable ambulance services to citizens. *Gentry v. Howard*, 365 F. Supp. 567, 573 (W.D. La. 1973) (Regulating ambulance service in order to make this necessity financially available to a majority of the public is as much a legitimate state purpose as imposing regulations to insure safety of the activity.) This applies even when there is some evidence to indicate that a private enterprise could not, at a profit, operate under a City's ambulance ordinance, as this still does not deem the Ordinance an unreasonable and arbitrary exercise of police power, especially when it concerns an activity so integrally related to the safety and well-being of the public as ambulance service. *Id*.

This rational relationship also exists regardless of what facts Plaintiff has pled regarding motive in passing the resolution or ordinance. Simply pleading selfish or improper motive on the part of the Mayor does not sufficiently plead that no rational relationship exists. It is the nature of the Resolution/Ordinance that is analyzed, not

the alleged hidden motives for their passage. The resolution authorizing purchase of ambulance assets and the ordinance regulating ambulance operation in the City unquestionably relate to the public health, safety and welfare of the citizens, because they specifically relate to and regulate EMS in the City of Pharr.

Further, the law is clear that Plaintiff cannot legally complain of competition from a publicly-created agency performing similar functions in the public interest, as creation of a competitor by a governmental body's actions, whether it results simply in loss of revenue to a privately owned company or, ultimately, in its being forced to cease business, does not amount to a taking or deprivation of property within the meaning of the Fourteenth Amendment. *Durham v. State of North Carolina,* 395 F.2d 58 (4th Cir., 1968); *Helena Water Works Co., v. Helena*, 195 U.S. 383, 392 (1904); *Gentry*, 365 F. Supp. at 572. *See also Hegeman Farms Corp. v. Baldwin,* 293 U.S. 163, 170, 55 S.Ct. 7, 9, 79 L.Ed. 259 (1934) ("The Fourteenth Amendment does not protect a business against the hazards of competition."); *cf. Reich v. Beharry,* 883 F.2d 239, 242 (3d Cir.1989) ("Every breach of contract by someone acting under color of state law [does not] constitute[ ] a deprivation of property for procedural due process purposes."). Just because the state's actions impact on a private business does not mean that this action somehow infringes on the Fourteenth Amendment rights of the private individual. *Coll. Sav. Bank v. Fla.*

*Prepaid Postsecondary Educ. Expense Bd.,* 131 F.3d 353, 361 (3d Cir. 1997), *aff'd*, 527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).

Commencement of a public ambulance service is a proper exercise of a City's powers, and a City Council/Commission is under no duty to consult the corporation before establishing that service. *Gentry*, 365 F. Supp. at 572. Plaintiff's contention that the City's (or its individual Board members') failure to properly hold a prior public hearing in order to determine economic feasibility and compelling public interest violated its Fourteenth Amendment rights totally is without merit. There is no doubt that a compelling public interest is involved in assuring reliable ambulance service; and a private ambulance's interest is political, not judicial.  *Id.*

Municipalities may enact reasonable regulations to promote the health, safety and general welfare of its people. *Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 537 (Tex. 2016), quoting *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982).   Further, as a home-rule city, the City possesses the full power of self-government and looks to the constitution and legislature only for limits to enact ordinances. Tex. Const. art. 11, § 5. An ordinance is presumed to be constitutional and courts have no authority to interfere unless it is clearly arbitrary and unreasonable. *Mayhew v. Town of Sunn*yvale, 964 S.W.2d 922, 938 (Tex. 1998), citing *Williamson v. Lee Optical of Oklahoma, Inc*., 348 U.S. 483, 487-88, 75 S. Ct.

461, 99 L. Ed. 563 (1955). An ordinance will pass constitutional muster if it designed to accomplish an objective within the government's police power and is rationally related to the ordinance's purpose. *Id.* Notably, an ordinance is not invalid or unconstitutional because private rights of persons or property are subjected to restraint, or that a financial loss will result to a company from their enforcement. *Town of Ascarate v. Villalobos*, 148 Tex. 254, 223 S.W. 2d. 945 (1949).

It is really unquestionable that the City exercised its valid police power when it passed the resolution to purchase ambulance assets; and when it enacted the ambulance-regulation ordinance. ROA.142-162. The institution of an emergency medical service is a service kindred to the police or fire service. *Ayala v. City of Corpus Christi*, 507 S.W.2d 324 (Tex.Civ.App.—Corpus Christi 1974, no writ). This type of service is incident to the police power of the state i.e. to protect the health, safety, and general welfare of its citizens. *Id.*

The ordinance was enacted for the purpose of providing EMS services to its citizens. ROA.142-162. As alleged, the Ordinance provides that a privately-owned ambulance business that furnished emergency services to the citizens of Pharr is on the verge of discontinuing such ambulance services to residents in 2021; and the continuance of emergency and non-emergency ambulance services to the citizens is of utmost importance to the health, safety and welfare of the citizens; and regulation

and provision of such services is a valid exercise of police power by the City. ROA.500-511; ROA.142-162.

The Ordinance declaring the City as the sole ambulance provider is unquestionably rationally related to a legitimate governmental interest of protecting the health, safe and general welfare of its citizens. ROA.142-162. "Emergency services is provided for patients in circumstances which call for immediate action and in which the element of time in transporting the sick, wounded or injured for medical treatment is essential to the health or life of the person." *Brantley v. City of Dallas*, 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976). The Ordinance at issue ensures that the public's need for emergency ambulance services is secured. The Ordinance is facially constitutional, and thus Individual Defendants are entitled to qualified immunity in passing it.

Further, Plaintiff has no property interest in operating ambulances in the City of Pharr exclusive of competition from City ambulances; or at all. "[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir.2002); *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005).

For all of the above reasons Plaintiff's Fourteenth Amendment claims against the Individual Defendant Commission members are barred by the Defendants'

qualified immunity. The ordinance is lawful; the resolution is lawful; the City's actions in passing and enforcing the resolution and ordinance are lawful. Consequently, there exists no clearly-established law violated in voting to pass such resolution and ordinance by the individual Defendants. In fact the opposite is the case. Clearly established law holds that ambulance regulation is lawful and that municipalities may operate their own ambulance services and thus buy and own ambulance assets. Thus it is clearly established that resolutions and ordinances of the kind challenged here are lawful. Each Defendant has qualified immunity for voting to pass them.

**F.    Pleading does not overcome Qualified Immunity with respect to Anti-Trust Claims**

Plaintiff also sues Defendants for violations of the Sherman Anti-Trust Act, §§ 1 et seq., 2, 3, 8, 15 U.S.C.A. §§ 1 et seq.,2, 3, 7; and Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15. ROA.500-511. For all of the reasons discussed above, Commission member Defendants are entitled to qualified immunity to the extent they are sued for these claims. Further, the City is immune from antitrust scrutiny under the doctrine of *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). The Supreme Court held in *Parker* that the Sherman Act does not reach the anticompetitive conduct of a state speaking through its legislature. 317 U.S. at 350–51, 63 S.Ct. at 313. The Supreme Court subsequently held that a municipality falls within the Sherman Act's prohibition of private anticompetitive conduct unless the

municipality can show that its activities were authorized by the state "pursuant to state policy to displace competition with regulation or monopoly public service." *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978) (plurality opinion). A unanimous Court reiterated that *Parker* exemption applies whenever the state legislature has "clearly articulated and affirmatively expressed" a state policy to displace competition in the regulated area—that is, whenever " ' "the legislature contemplated the kind of action complained of." ' " *Town of Hallie v. City of Eau Claire,* 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985).

In Texas, a municipality's operation of its own EMS service to the exclusion of others entitles the municipality to immunity from anti-trust challenge because Texas law has so clearly vested municipalities with extensive regulatory discretion over the emergency medical services industry. *Cent. Ambulance Serv., Inc. v. City of Dallas*, 631 F. Supp. 366, 369 (N.D. Tex. 1986). Texas law clearly authorizes "anti-competitive" conduct with respect to EMS operation and regulation. [3] Consequently individual Commission members violated no clearly established law in voting to pass the ordinance at issue.

---

[3] The Texas Tort Claims act defines operation of emergency ambulance service as a function given by the state as part of its sovereignty. Tex. Civ. Prac & Rem Code Sec. 101.0215. The Texas Constitution provides municipalities with inherent police powers pursuant to the Texas Constitution (Art 11 sec 5), and the legislature may define what is a governmental power (Art 11 sec. 13). Additionally, the Texas Local Government Code Chapter 252 excludes procurement requirements for EMS services. Tex. Loc. Govt Code Sec. 252.022.

Additionally, as to Plaintiff's allegations of fraudulent motives, once a municipality establishes it is entitled to state action immunity, the subjective motivation of the actors involved in the decision-making process does not come into play. *See City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, ——— – ———, 111 S.Ct. 1344, 1346–47, 113 L.Ed.2d 382 (1991) (holding there is no conspiracy exception to the state action doctrine); *Hancock Indus. v. Schaeffer,* 811 F.2d 225, 234 (3rd Cir.1987); *see also Consolidated Television Cable Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 361–62 (6th Cir.1988) (misapplication of otherwise clearly expressed state law does not result in denial of immunity), *cert. denied,* 489 U.S. 1082, 109 S.Ct. 1537, 103 L.Ed.2d 842 (1989); *Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 856 (10th Cir. 1991). Thus, Plaintiff's allegation that the Mayor had a hidden conflict and motive for voting is irrelevant.[4] The Mayor, along with each additional Commission member Defendant did not violate any clearly established laws-irrespective of their alleged motives.

It is the nature of the Ordinance that is analyzed, not the alleged hidden motives for passage of the Ordinance. The Ordinances at issue unquestionably related to the public health, safety and welfare of the citizens, because they specifically relate to and regulate EMS in the City of Pharr. The Defendants are

---

[4] Plaintiff does not even plead an improper or "illegal" motive for their votes as to the other City Commission Defendants. ROA.500-511.

entitled to qualified immunity in passing the ordinance/resolutions at issue. There is no violation of a clearly established law pled or that can be shown.

## **CONCLUSION**

The Trial Court erred in denying the Defendants' Motion to Dismiss as to their entitlement of qualified immunity. With respect to each of their acts voting to pass a resolution authorizing the City to purchase ambulance assets; and voting to pass an EMS-regulation ordinance, they violated no clearly established laws.

SIGNED this 11th day of September, 2023.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By:    /S/Robert L. Drinkard
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
Fed I.D. No. 23712
rldrinkard@rampagelaw.com

By:   /S/Ricardo J. Navarro
RICARDO J. NAVARRO
Of Counsel
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com

**COUNSEL FOR APPELLANTS
ITZA FLORES, AMBROSIO
HERNANDEZ, RICARDO MEDINA,
DANIEL CHAVEZ, RAMIRO
CABALLERO AND
ROBERTO CARRILLO**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 11th day of September 2023.

Francisco R. Canseco                                **Via E-Filing Method**
Attorney At Law
19 Jackson Court
San Antonio, Texas 78230
Email: fcanseco@gmail.com
**Counsel for Appellee/Plaintiff**

/S/Robert L. Drinkard
ROBERT L. DRINKARD
RICARDO J. NAVARRO

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 28 and Federal Rule of Appellate Procedure 32, the undersigned certifies that this brief complies with the type-volume limitations of Rules 28 and 32(a)(7)(B). This Brief contains 4,895 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

By:   <u>/S/Robert L. Drinkard</u>
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
Fed I.D. No. 23712
rldrinkard@rampagelaw.com

By:   <u>/S/Ricardo J. Navarro</u>
RICARDO J. NAVARRO
Of Counsel
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com

**COUNSEL FOR APPELLANTS ITZA FLORES, AMBROSIO HERNANDEZ, RICARDO MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO AND ROBERTO CARRILLO**