No. 23-40340
In the
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————————

MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED,
*Plaintiff-Appellee*,

v.

ITZA FLORES, AMBROSIO "AMOS" HERNANDEZ, RICARDO
MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO, ROBERTO
"BOBBY" CARRILLO,

*Defendants-Appellants*.

———————————————————

On Appeal from the United States District Court for the Southern
District of Texas, Houston Division
Civil Action No. 4:14-cv-03667

———————————————————

## BRIEF OF APPELLEE
## MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED

———————————————————

Francisco R. Canseco
Attorney for Plaintiff
State Bar No.:03759600
19 Jackson Court
San Antonio, Texas 78230
210.901.4279
frcanseco@gmail.com
fquico@yahoo.com
COUNSEL FOR PLAINTIFF-APPELLEE

No. 23-40340
In the
**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————

MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED,

*Plaintiff-Appellee*,

v.

ITZA FLORES, AMBROSIO "AMOS" HERNANDEZ, RICARDO
MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO, ROBERTO
"BOBBY" CARRILLO,

*Defendants-Appellants.*

—————————————

On Appeal from the United States District Court for the Southern
District of Texas, Houston Division
Civil Action No. 4:14-cv-03667

—————————————

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

<u>Appellants / Trial Court Defendants</u>

    City of Pharr
    Itza Flores
    Ambrosio Hernández
    Ricardo Medina
    Daniel Chavez

Ramiro Caballero
Roberto Carrillo

Counsel for Defendants/ Appellants

Robert L. Drinkard
Ricardo J. Navarro
Denton Navarro Rocha Bernal & Zech, P.C.
701 E. Harrison, Ste 100
Harlingen, Texas 78550
956/421-4904
rdrinkard@rampage-rgv.com
rjnavarro@rampage-rgv.com

Plaintiff/ Appellee

Med Care Emergency Medical Services, Incorporated

Counsel for Plaintiff/Appellee

Francisco R. Canseco
Francisco R. Canseco, Attorney at Law
19 Jackson Court
San Antonio, Texas 78230
210.901.4279
frcanseco@gmail.com
fquico@yahoo.com

s/Francisco R. Canseco
Francisco R. Canseco

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee Med Care Emergency Medical Services, Inc. does not request oral arguments.

## TABLE OF CONTENTS

BRIEF OF APPELLEE......................................................................... i

CERTIFICATE OF INTERESTED PERSONS ...................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................... iv

TABLE OF AUTHORITIES ..................................................... vi

   BRIEF OF APPELLEE......................................................................1

ISSUES PRESENTED........................................................... 5

STATEMENT OF THE CASE ................................................... 5

SUMMARY OF ARGUMENTS .......................................................13

ARGUMENTS.............................................................................13

I.   The BELL ATLANTIC and ASHCROFT ARGUMENT ..................13

II...............................................................................................15

III.   BACKE, WICKS, HELTON, AND LION BOULOS. ....................15

CONCLUSION.............................................................................18

CERTIFICATE OF SERVICE ................................................18

CERTIFICATE OF COMPLIANCE .......................................................19

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) ............................pp13, 15

*Backe,* 691 F.3d at 648.................................................... pp14, 15, 16, 17

*Bell Atlantic Corp. v. Twombly,* 50 U.S. 544 (2007).........................p2,13

*But cf. Wicks*, 41 F.3d at 994.......................................... pp14, 15, 16, 17

*Cronin v. Texas Dept of Human Services,*

    977 F. 2d, 934, 939 (5th cir.1992 )..................................................p13

*City of Lafayette, La. v. Louisiana Power & Light Co.*,

    435 U.S. 389, 98    S. Ct. 1123, 55 L. Ed. 2d 364 (1978).............p11

*Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990).....p16

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)..............................p13

*Helton*, 787 F.2d at 1017 ....................................................................p14

*Lion Boulos v. Wilson,*

    834 F.2d 504, 507-08 (5th Cir. 1987) .............................. pp15, 16, 17

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) ...............p4

*Tamez v. City of San Marcos*,

    118 F. 3d 1085, 1091-92 (5th Cir. 1997) .....................................p13

*Wicks,* 41 F.3d at 994...................................................... pp14, 15, 16, 17

*Zapata v. Melson*, No. 13-40762 (5th Cir. Apr 18, 2014)...............pp4, 17

## STATUTES

    Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15 ...................................p 4

    Rule 12(b)...................................................................................pp 1, 2

    Fed. R. Civ.p. 12(b)(1)and 12(b)(6)...............................................p 2

28 U.S. Code 1446(b) ......................................................................p 2

Fed. R. Civ.p. 15(a)(2) ...................................................................p 2

US Constitution Amendment V and XIV,

and 42 U.S.C.A. § 1983 ...............................................................p 12

FED. R. App. p. 32(a)(7)(B) .........................................................p 18

FED. R. App. p. 32(a)(7)(B)(iii) ...................................................p 18

Texas Tort Claims Act Sec. 101.023 .........................................p12

15 USCA§§1, 2 3, 7, 12 and 15 ..................................................p 10

TEXAS BUSINESS AND COMMERCE CODE §§15.01 et seq..............p 10

Sherman Antitrust Act§§ 1 et seq ...................................pp 2, 3, 8

15 U.S.C.A. §§ 1 et seq.,2, 3, 7 .....................................................p 4

No. 23-40340

In the

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED,

*Plaintiff-Appellee*,

v.

ITZA FLORES, AMBROSIO "AMOS" HERNANDEZ, RICARDO
MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO, ROBERTO
"BOBBY" CARRILLO,

*Defendants-Appellants.*

---

On Appeal from the United States District Court for the Southern
District of Texas, Houston Division
Civil Action No. 4:14-cv-03667

---

## BRIEF OF APPELLEE
## MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED

---

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE
FIFTH CIRCUIT:

This appeal concerns an interlocutory appeal brought by appellant
after the district court denied a series of Rule 12(b) motions under Fed.
R. Civ.P. 12(b)(1) and 12(b)(6). See ROA.13-14. Appellant's underling
appeal is on the issue of "qualified immunity" as it applies to the

Appellants and purposely excludes from their appeal, the Defendant the City of Pharr.

## STATEMENT OF THE ISSUES

On or about August 5, 2021, Plaintiff filed its Original Petition with the State District Court in Hidalgo County Texas seeking temporary orders and permanent injunction against all of the original defendants, (including the Appellants herein). After some time within the judicial assignment structure, no district court within the county wherein venue was proper would take the case and the administrative judge appointed a retired judge who on September 8, 2021 denied the Plaintiff-Appellee's Motion for Temporary Injunction.

On November 15, 2021, the Plaintiff-Appellee filed its first amended petition, followed by the Defendant and Defendant-Appellants' Notice of Removal under 28 U.S. Code 1446(b). (ROA 1).

Plaintiff-Appellee filed Motions for leave to file amended complaints under Fed. R. Civ.P. 15(a)(2), and for each amended complaint, the Defendant and the Defendants-Appellants filed their Fed. R. Civ.P. 12(b)(1) and 12(b)(6) motions, all were dismissed by the district court without opinion.

Plaintiff – appellee in its Third Amended Complaint (ROA 32, p500), Clearly set out each and every element under *Bell Atlantic Corp. V. Twombly,* 50 U.S. 544 (2007) in that Plaintiff-Appellee sets out a series of facts for each claim upon which relief can be granted. To state more facts, discovery must be pursued yet these facts so pled are plausible on their face.

2

Pled facts:

1. That the Defendants violated Texas Open Meetings Law (TOMA) to purchase from the Bankruptcy Court, HCEMS who had been in bankruptcy since October 2019. (The United States Bankruptcy Court – Southern District of Texas Corpus Christi Division Cause No. 19-20-497); that the meetings and negotiations were done with the Bankruptcy Judge and trustee and not shared with the public nor were the terms, price and other details of the purchase shared with the public, as it was their duty to do. Furthermore, the purchase was not made with notice under TOMA.

2. Plaintiff-Appellee further allege that because of the mayor-defendant-Appellee is a major Shareholder of Doctors Hospital at Renaissance (DHR) outside of Defendant-City's Jurisdiction but in Hidalgo County, Texas. "Plaintiff alleges that the purchase price was an over-valued bid to purchase HCEMS for an undisclosed amount of taxpayer money which bid was made for the purpose of benefiting family members of the Defendants the Mayor and the City Commissioners. The purchase price is believed to be an amount of over $1,000,000 in addition to the assumption of HCEMS's debt. Bankruptcy Court records show that HCEMS was losing over $350,000 per month at the time it filed for bankruptcy. (Plaintiff's third Amended Complaint, page 4).

3. Plaintiff- Appellee at page 4-5 of its Third Amended Complaint specifically pleads Conflict of Interest with regards to the Mayor-

Defendant-Appellants Dr. Ambrosio Hernandez and Defendant-
Appellant Ramiro Caballero.

4. Plaintiff-Appellee at Page 5-6, point out the harassing conduct of the
   Plaintiff-Appellee. Thus its claims to violation of the U.S.
   Constitution, Amendments V and XIV as well as the Sherman
   Antitrust Act§§ 1 et seq., 2, 3, 8, 15 U.S.C.A. §§ 1 et seq.,2, 3, 7;
   Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15.

5. At pages 5-8, Plaintiff clearly outlines and specifies the conduct that
   is taken by the defendants to shut down the plaintiff-appellant's
   EMS operations.

Though in their appeal to this court, the Defendants-Appellants
only address their issue of qualified immunity, it is evident under 28
U.S.C. § 1292, U.S. Code, that they did not seek a motion for leave to
file an interlocutory appeal. The record is void of such motion or an
order from the District Court granting permission to seek this appeal.
In *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) an
appellate court has no statutory appellate jurisdiction which ordinarily
stretches only to final decisions of a district courts. *See* 28 U.S.C. §
1291. "A final decision is typically one by which a district court
disassociates itself from a case." No final decision was made since the
district court entered a plain order of dismissal of all defendant-
appellant's Fed.R. Civ.P. 12(b) motions. See *Zapata v. Melson*, No. 13-
40762 (5th Cir. Apr 18, 2014) discussed below.

The Defendant-Appellants seek an interlocutory appeal when there is no final order of the District Court which still holds jurisdiction.

Of interest to this Court should be with the Defendant-Appellants who requested removal of this case to the federal district court, now claiming no jurisdiction. 28 U.S. Code 1446 (b) requires that movant for removal must state the jurisdictional grounds for removal as with any claim of jurisdiction of an original claim for relief in federal court.

## ISSUES PRESENTED

1. Do the Defendants-Appellants have Qualified Immunity?
2. Did the Defendants-Appellants violate clearly established statutory or constitutional rights of which a reasonable person would have known?
3. What should the district court have done with the Plaintiff-Appellee's claim under Qualified Immunity?

## STATEMENT OF THE CASE

1. Defendant-Appellant, Ambrosio "Amos" Hernandez the Mayor of the City of Pharr, Texas is a major shareholder of Doctor's Hospital Renaissance (DHR), a, medical facility within Hidalgo County but outside jurisdiction of the City of Pharr.( p4 Plaintiff's 3rd Amended Complaint).

2.   Defendant-Appellant City Commissioner Ramiro Caballero's wife is related to Kenneth Ponce, the federally convicted previous owner of HCEMS. The purchase of the bankrupt HCEMS by Defendants would aid the Caballero family both financially and otherwise. .(p4 Plaintiff's 3rd Amended Complaint).

3.   On April 1, 2021, the City of Pharr, after posting their Meeting Agenda for April 5, 2021 (*see* Exhibit A; the "Agenda" with original complaint). The Agenda (under section VII. ORDINANCES AND RESOLUTION) under subsections "C)" and "D)", the City rushed a new proposed ordinance, that with the means of taxpayer money, provided it the authority to bid and over-pay for the purchase of the bankrupt business that is "Hidalgo County EMS", ("HCEMS" herein), an emergency medical services ambulance company. On April 5, 2021, the City together with Defendants, the mayor, and City Commissioners (Defendants-appellants herein) met and approved the purchase in violation of TOMA.

4.   Plaintiff alleges Defendant Commissioners conducted meetings to plan this takeover outside of posted Commission meetings in violation of the TEXAS OPEN MEETINGS ACT (TOMA)when it failed to post on its public agenda for its meeting on April 5 2021 that it would bid and purchase HCEMS from the Bankruptcy Court.

5.   HCEMS, prior to its purchase by Defendants, was a privately owned ambulance company that contracts with various cities and medical facilities in Hidalgo County, Texas for ambulance

services. HCEMS had been in bankruptcy since October 2019. (The United States Bankruptcy Court – Southern District of Texas Corpus Christi Division Cause No. 19-20-497) This company carried millions of dollars in debt. Its financial problems existed well before the COVID-19 pandemic. Its then-owner, Kenneth Ponce, had recently plead guilty to federal charges of bankruptcy fraud. *See* **Exhibit 1** – US Dept. of Justice Press Release March 17, 2021 (see original complaint).

6.  The Defendant and Defendant-Appellants reached an agreement with Hidalgo County attorney, Mr. Holzer Attorney for the Debtor, Hidalgo County EMS (HCEMS) and Bankruptcy Judge Schmidt to purchase HCEMS. Details, terms, and amounts paid by the Defendants were not shared with the public. Plaintiff alleges that the purchase price was an over-valued bid to purchase HCEMS for an undisclosed amount of taxpayer money which bid was made for the purpose of benefiting family members of the Defendants the Mayor and the City Commissioners. The purchase price is believed to be an amount of over $1,000,000 in addition to the assumption of HCEMS's debt. Area news outlets did publish that $2.6 million in back taxes was owed to the IRS by HCEMS as federal tax returns had not been filed by HCEMS for the years of 2017, 2018, and 2019. Much of this debt will fall on taxpayers. *See* **Exhibit 2** – Copy of Agenda 7c (see original petition). Bankruptcy Court records show that HCEMS was losing over $350,000 per month at the time it filed for bankruptcy.

7.  Knowledge about the purchase of HCEMS by the members of the
    City Commission, its Mayor, the Defendants- appellants herein,
    was done in secrecy and the facts that a closed meeting to gain "at
    all cost" HCEMS, would have given the citizens of the City of
    Pharr an opportunity to voice their objection to the purchase by
    the City of HCEMS and its assets. Now, there remains the
    appearance of a financial bailout of a Defendant-Appellant family
    member at the expense of taxpayers. In sum, the conduct of the
    Defendant and Defendants-Appellants herein, was in violation of
    City Charter and TEXAS OPEN RECORDS ACT, Tex. Gov. Code sec
    552.01 *et seq.*

8.  Plaintiff-Appellee, has been in the EMS business serving the
    defendant City of Pharr and the greater Hidalgo County area and
    environs for more than 25 years.

9.  After the purchase by the Defendant City of HCEMS, it passed
    Ordinance No. O-202_1, a copy of which is attached to Plaintiff-
    Appellee's 3rd Amended Complaint and made a part thereof. This
    ordinance has given license to the Defendants to harass Plaintiff,
    threaten Plaintiff, tell Plaintiff's client hospitals and clinics to
    cease working with Plaintiff and bad-mouthing Plaintiff to
    Plaintiff's clients, and through pressure from the Defendants,
    making Plaintiff clients to cancel contracts and not renew
    contracts with the Plaintiff-Appellee. Defendant has engaged in
    an aggressive campaign to take Plaintiff's valued employees and
    managers in an effort to monopolize for the Defendants-

Appellants' business of EMS as well as to destroy the Plaintiff-Appellee's otherwise successful business. The Defendants-Appellants' conduct constitutes a taking from Plaintiff-Appellee under color of law, to deprive the Plaintiff of its property, its business, its contracts with healthcare facilities as well as its employees without just compensation in violation of the Constitution of the U.S., Amendments V and XIV.

10. Furthermore, the Defendants-Appellants have violated 42 U.S.C.A. §1983.[1] The Defendants' conduct against the Plaintiff was to deprive the Plaintiff its existing successful business and to deprive it of its contracts with customers and employees in order to monopolize the EMS business to the new-found HCEMS.

11. The Defendants-Appellants' conduct constitutes a taking without just compensation or without due process of law. The Defendants-Appellants' conduct was without Justification and without purpose to the common good of the City of Pharr. All civil rights guaranteed under the US Constitution especially the taking of

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C.A. § 1983.

property under the Fifth and Fourteenth Amendments and the denial of Due Process thereto have been worked on the Plaintiff-Appellee to its detriment.

12.  The Defendant-Appellant's conduct violates 15 U.S.C.A. §§1, 2 3, 7, 12 and 15. Their activities to deny to the Plaintiff-Appellee, its established business and interfere with its business activities constitutes a contract, combination or conspiracy in restraint of trade or commerce and is illegal both under 15 USCA§§1, 2 3, 7, 12[2]  and the TEXAS BUSINESS AND COMMERCE CODE §§15.01 et seq.

13.  The Defendants-Appellants' and each of them, have acted in restraint of trade and in attempting to create a monopoly in the Emergency Medical Services field, in violation of both the U.S. Anti-Trust and Monopoly laws and those echoed by the state of Texas in the above quoted Chapter 15 of the TEXAS BUSINESS AND COMMERCE CODE.  The individual Defendants-Appellants' have

---

[2] The Sherman Anti-Trust Act, 15 U.S.C.A. §§1 begins with "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

The Act's §2 states that "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court. 15 U.S.C.A. §2.

acted beyond their designated official capacities and beyond the scope of their individual responsibilities as officials of a Texas municipality with malice toward the Plaintiff-Appellee. They have unlawfully acted in their personal best interests rather than the safety and fiscal interests of the citizens of the City of Pharr, to the detriment of the Plaintiff-Appellee and to Plaintiff-Appellee's damage.

14. The Defendants-Appellants elected unfairly and illegally to compete, to the exclusion, of Plaintiff-Appellee within the city of Pharr and within the county of Hidalgo, attempting to shut down existing businesses, including the Plaintiff-Appellee's business, with municipal legislation and ordinances, by luring Plaintiff's employees away from Plaintiff and in posting and declaring to Plaintiff's clients that the Defendant EMS was their exclusive provider despite the lack of jurisdiction to do so outside the boundaries of the Defendant City, as more fully described here-in. Under TEX. GOV. CODE sec. 101.0215 (TTCA), liability and waiver of immunity is extended to the municipality for the use of items of personal property (municipally owned ambulances, medical equipment, and supplies). Use of EMS ambulances and medical equipment by City employees has waived City's immunity from suit. Plaintiff herein asserts that A municipality has no immunity from liability under the Civil Rights Act flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability. 42 U.S.C.A. § 1983. *City of*

*Lafayette, La. v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S. Ct. 1123, 55 L. Ed. 2d 364 (1978).

15.    Defendant City, its Defendants mayor and city Commissioners have violated the TOMA, TEXAS GOVERNMENT CODE, Section 551.001 *et. seq.* in that Plaintiff alleges Defendant Mayor and Commissioners conducted City business to buy HCMS outside of posted open meetings. Therefore, because of Defendants' violations of TOMA, the purported actions of Defendant in purchasing HCEMS and then passing an effectively monopolistic ordinance's "O-2021_" specifically targeted toward restricting the provision of EMS services in and through the City of Pharr, are voidable actions. This was done by Defendants in furtherance of its conduct violative of the US Constitution Amendment V and XIV, and 42 U.S.C.A. § 1983 to the Plaintiff and its business. This too in violation of 15 U.S.C.A. §§1, 2 3, 7, 12 and 15.

16.    Plaintiff-Appellee has been harmed in amounts that have caused it loss of business, loss of opportunity and diminution in its core cadre of employees in amounts of more than $1,500.000.00.

17.    Plaintiff recognizes that the liability of the City and the Mayor and Commissioners, in their official capacities is limited under the Texas Tort Claims Act Sec. 101.023 for actions involving governmental functions but only to the extent that sovereign immunity has not been waived. The conduct of the Defendants is *ultra-vires* of statutory governmental action, is voidable, has fraudulently undertaken the EMS HCEMS for personal gain.

Defendants-Appellants tortiously interfered with the Plaintiff-Appellee's established business and restrained trade within Hidalgo County, outside Defendant City borders, exposing the Defendants to personal liability to the Plaintiff, and punitive damages for the malicious conduct in creating and attempting to create a monopoly in Emergency Services business, as well as for violation of the Plaintiff's Constitutional Rights, privileges and immunities.

## SUMMARY OF ARGUMENTS

The Plaintiff-Appellee's Complaints, clearly and succinctly establish the rights violated by the Defendant-Appellants through their continued conduct from the negotiations for the purchase of the HCEMS and its assets, the restrictive and exclusionary Ordinance, to the ultra virus conduct depriving the Plaintiff-Appellee of her contract rights with long existing customers to its financial detriment.

The Defendant-Appellee's appeal is not properly before this court since the district court dismissed without specifying reasons for denying  Fed.R.Civ.P 12(b) motions. There was no finding on the specific issue of qualified immunity.

## ARGUMENTS

## I.    The BELL ATLANTIC and ASHCROFT ARGUMENT

The Defendant-Appellants' main thrust in this appeal is the issue of qualified immunity, grounded on *Bell Atlantic Corp. V. Twombly*, 50 U.S.544 (2007) and in *Ashcroft V. Iqbal*, 556 U.S. 62 (2009). Plaintiff-Appellee agrees with the rulings issued by the U.S. Supreme Court as applied to the facts presented therein. Yet, the tenants espoused therein speak to the issues in Plaintiff-Appellants case differently than how the Defendant-Appellants seek to apply them.

The pleadings on file speak clearly to the offenses complained. From the Negotiation by the Defendant-Appellants with the Bankruptcy Judge, the Bankruptcy attorney for the Bankrupt to the Ordinances that closed out EMS competitors from the City of Pharr to the use of strong-arm tactics to eliminate competition outside of the Defendant City's jurisdiction.

Plaintiff-Appellee claims that its pleadings are within *Twombly, supra* , and not within the rulings of *Ashcroft, supra.* It is an acknowledged law that to claim the defense of qualified immunity, a governmental official's preforming discretionary functions is immune from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow V. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

Appellant cites *Tamez V. City of San Marcos*, 118 F. 3d 1085, 1091-92 (5th Cir. 1997); *Cronin V. Texas Dept of Human Services.*, 977 F. 2d, 934, 939 (5th cir.1992 ) quoting "in order to evaluate the clearly established law prong of the qualified immunity test, the court must

ask whether, at the time of the incident, the law clearly established that such conduct would violate the right. Additionally, an official act within his discretionary authority when he performs non ministerial acts within the boundaries of his official capacity." Plaintiff-Appellee re-cites these cases in order to highlight the facts pled in all of the Plaintiff-Appellee' Complaints, i.e. the nefarious conduct of the Defendants negotiating with the Bankruptcy judge and attorney for the bankrupt; the conflict of interest in all the Defendants for their personal and family gain; the violations of established Texas Open Meetings Laws (TOMA); their alleged overpayment for the HCEMS and its assets, and their conduct outside of the bounds of their City authority to harvest Plaintiff's employees and pressure County health industry not to deal with the Plaintiff. All of this conduct as alleged by the Plaintiff-appellee violation of a clearly established constitutional right and current state of law. Defendant-Appellants' conduct was objectively un-reasonable in their actions.

## II.

### III.   BACKE, WICKS, HELTON, AND LION BOULOS.

In *Zapata v. Melson*, No. 13-40762 (5th Cir. Apr 18, 2014) This Appellate Court stated and ruled "the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe,* 691 F.3d at 648 (citing *Helton*, 787 F.2d at 1017). *But cf. Wicks*, 41 F.3d at 994 ("[A] party asserting the defense of qualified immunity is not immune from all discovery, only

that which is avoidable or overly broad." (citation and internal quotation marks omitted)). "Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe,* 691 F.3d at 648. As explained in *Wicks*, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks,* 41 F.3d at 994; see also *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim to relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth") (internal quotation marks omitted). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "After the district court finds a plaintiff has so pleaded, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" Id. (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

"This court lacks jurisdiction to review interlocutory orders in qualified immunity cases complying with these requirements." Id. (citing *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990)). "But

we may review the order under the collateral order doctrine when a district court fails to find first that the plaintiff's complaint overcomes a defendant's qualified immunity defense, *Wicks*, 41 F.3d at 994-95; when the court refuses to rule on a qualified immunity defense, *Helton*, 787 F.2d at 1017; or when the court's discovery order exceeds the requisite 'narrowly tailored' scope, *Lion Boulos*, 834 F.2d at 507-08." *Backe,* 691 F.3d at 648.

"The defendants argue that we have jurisdiction and that the district court's order should be vacated because the district court did not follow the careful procedure set forth in *Backe, Wicks, Helton, and Lion Boulos*. We agree. The district court did not explicitly rule on the defendants' qualified-immunity defense other than to note that the plaintiffs "set out the reasons [they] felt that qualified immunity did not apply," that the defendants "have not contradicted those allegations," and that accordingly, whether the defendants are entitled to qualified immunity "is certainly contested." The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe and Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity. *Cf.,e.g., Backe*, 691 F.3d at 647-49; *Wicks*, 41 F.3d at 994; *Lion Boulos*, 834 F.2d at 506-08.2 Because we conclude that the district court did not fulfill its duty under either step of the framework just described, "for materially the same reasons," we both have jurisdiction

to review the district court's discovery order and we must vacate it. *Backe*, 691 F.3d at 648."

The *Zapata* Court vacated the district court's order and remanded the case to the district court with instruction to follow the procedures outlined in *Backe, Wicks, Helton, and Lion Boulos*.

## CONCLUSION

The Court should affirm the district court's judgment in dismissing the Appellants' FedR.Civ.P. 12(b) motions.

The Court should remand the case to the district court with instruction in accordance with this court's ruling *in Zapata v. Melson*, No. 13-40762 (5th Cir. Apr 18, 2014).

SIGNED this 11th day of November, 2023

       Respectfully submitted,

       FRANCISCO R. CANSECO, Attorney at Law
       19 Jackson Court
       San Antonio, Texas 78230
       210.901.4279

       By: /S/Francisco R. Canseco
          Francisco R. Canseco
          Texas State Bar NO. 03759600
          Fed ID No.
          frcanseco@gmail.com
          COUNSEL FOR PLAINTIFF-APPELLEE

## CERTIFICATE OF SERVICE

I certify that on November 13, 2023 the foregoing document was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste 100 Harlingen, Texas 78550 956/421-4904
ROBERT L. DRINKARD Attorney in Charge
rdrinkard@rampage-rgv.com
RICARDO J. NAVARRO
rjnavarro@rampage-rgv.com

**COUNSEL FOR DEFENDANTS-APPELLANTS**

Counsel also certifies that on November 13, 2923, the foregoing instrument was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/.


/s/Francisco R. Canseco
Francisco R. Canseco


## CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements, and Type Style Requirement, This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 4,457 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, version 16.78.3 in Century font 14-point type face.

/S/Francisco R. Canseco
Francisco R. Canseco
COUNSEL FOR PLAINTIFF-APPELLEE
Dated: November 13, 2923