# CAUSE NO. 23-40340

===================================================

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

===================================================

MED CARE EMERGENCY MEDICAL SERVICES, INCORPORATED,
PLAINTIFF-APPELLEE,

V.

ITZA FLORES; AMBROSIO "AMOS" HERNANDEZ; RICARDO MEDINA; DANIEL CHAVEZ; RAMIRO CABALLERO; ROBERTO "BOBBY" CARRILLO,
DEFENDANTS-APPELLANTS.

===================================================

On Appeal from the United States District Court
For the Southern District of Texas – McAllen Division
Civil Action No. 7:21-CV-00445

===================================================

## APPELLANTS' REPLY BRIEF

===================================================

ROBERT L. DRINKARD
RICARDO J. NAVARRO
**DENTON NAVARRO ROCHA**
**BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
Telephone: (956) 421-4904
Facsimile; (956) 421-3621
COUNSEL FOR APPELLANTS
ITZA FLORES, AMBROSIO
HERNANDEZ, RICARDO MEDINA,
DANIEL CHAVEZ, RAMIRO
CABALLERO AND
ROBERTO CARRILLO

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

ARGUMENT AND AUTHORITIE ....................................................................1

    I.     Plaintiff's Brief ..........................................................................................1

    II.    Interlocutory Appeal Right .......................................................................1

    III.   Actions taken for which Federal claims are made....................................1

    IV.   No Clearly Established Right Violated-Fifth and 14th Amendments.............4

    V.    No Clearly Established Right Violated-Anti-Trust Claims...........................7

CONCLUSION ...................................................................................................9

CERTIFICATE OF COMPLIANCE .................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 856 (10th Cir. 1991) ................................................................ 8

*Cent. Ambulance Serv., Inc. v. City of Dallas*, 631 F. Supp. 366, 369 (N.D. Tex. 1986 ........................................................................................ 7

*City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, — — – ——, 111 S.Ct. 1344, 1346–47, 113 L.Ed.2d 382 (1991) ...................... 8

*City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978) .......................................... 7

*Consolidated Television Cable Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 361–62 (6th Cir.1988) ................................................................. 8

*Energy Management Corp. v. City of Shreveport,* 467 F.3d 471, 481 (5th Cir.2006) ............................................................................................. 5

*FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir.1996) .......................................................................................... 5, 6

*Hancock Indus. v. Schaeffer,* 811 F.2d 225, 234 (3rd Cir.1987) ............................. 8

*Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) ....................... 7

*Simi Investment Co., Inc. v. Harris County, Texas,* 236 F.3d 240, 250–251 (5th Cir.2000) ...................................................................................... 5

**Statutes**

Federal Rule of Appellate Procedure 28 ................................................................ 12

Federal Rule of Appellate Procedure 32 ................................................................ 12

Tex. Civ. Prac & Rem Code Sec. 101.0215 ............................................................ 8

Tex. Loc. Govt Code Sec. 252.022 .......................................................................... 8

## ARGUMENT AND AUTHORITIE

I.       **Plaintiff's Brief**

Plaintiff's Brief is confusing, meandering and procedurally improper in that it does not reference any record excerpts at all. In fact, there is not one single reference to the Record on Appeal in Plaintiff's Brief. Defendants will try to cut through the messy Brief as succinctly as possible to address the relevant issues.

II.      **Interlocutory Appeal Right**

First, Plaintiff haphazardly seems to take issue with the jurisdiction of this Court to hear this interlocutory appeal or the jurisdiction or right of the Defendants to take this interlocutory appeal without "leave of Court". Plaintiff's Brief p. 11-12. This has no merit. The right to an interlocutory appeal regarding qualified immunity is not only well-established, but is set out in the Defendants' notice of appeal and Brief. Defendants are aware of no law, rule or statute requiring "leave of court" from the trial court denying the qualified immunity motions before taking interlocutory appeal, nor does Plaintiff cite to one. This appeal is properly before the Fifth Circuit for review and adjudication.

III.      **Actions taken for which Federal claims are made**

Plaintiff confusingly rambles about "pled facts" and "factual background" in its Statement of the Case and Statement of the Issues. Plaintiff's Brief. While some of the references to its factual pleading are inaccurate, regardless the gist of the Plaintiff's allegations against the individual Defendants continues to be that their

actions of passing of a resolution/ordinance in April 2021 to purchase assets from a private ambulance company in order for the City to provide EMS services to its residents; and subsequent passage of an ordinance regulating ambulance service operations in the City, constitute violations of their due process rights and anti-trust statutes. Even as to this however, Plaintiff simply asserts that one or two of the Commissioners had certain "conflicts of interest" or "improper motives" in passing the Resolution and Ordinance and that decisions regarding ultimately passing the Resolution and Ordinance were made prior in violation of the Texas Open Meetings Act.

    Plaintiff asserts that at page 5-6 of its Third Amended Complaint it "points out" the harassing conduct of the "Plaintiff-Appellee". Assuming Plaintiff meant to state Defendants, regardless the statement is false. Pages 5-6 of Plaintiff's Third Amended Complaint plead that the Defendant Commission members Hernandez and Caballero had conflict of interest motives in passing the resolution and ordinance; and that the ordinance has given license to "Defendant" to "harass" and "threaten Plaintiff and take Plaintiff's customers. ROA.504-505. Plaintiff's Complaint does not allege one single fact regarding the "motives" of Defendant Commission members Flores, Medina, Chavez or Carrillo in simply acting as City Commissioners to pass a resolution and ordinance dealing with EMS. ROA.504-505. In fact, despite suing them individually, Plaintiff does not allege one single fact

or even mention the names of Defendant Commissioners Flores, Medina, Chavez or Carrillo in its entire Complaint. ROA.500-511.

As to Plaintiff's assertion in its Brief that it pled facts that the ordinance has given license to "Defendant" to "harass" and "threaten Plaintiff and take Plaintiff's customers, not one single fact is alleged that *any* of the Individual Defendant City Commission members for whom this appeal is taken have specifically engaged in such conduct. ROA.500-511. Further, where Plaintiff in its Brief makes reference to conduct "outside the bounds of their City authority to harvest Plaintiff's employees and pressure County health industry not to deal with Plaintiff", Plaintiff's Complaint does not allege a single fact that any Individual Defendant engaged in such conduct. ROA.500-511.

Consequently, at the end of the day, *the only facts alleged* as to the Individual Defendants in support of the federal claims against them are that they voted to pass a resolution that Plaintiff believes resulted in the City overpaying on ambulance assets; and they voted to pass an Ordinance regulating ambulance service in Pharr which Plaintiff believes negatively affected its operation in the City of Pharr and resulted in lost business. ROA.500-511. The additional window-dressing allegations that Defendant Mayor Hernandez and Commissioner Caballero may have had a "conflict of interest" with respect to voting to pass the resolution and ordinance is irrelevant. Plaintiff is still only suing them for acting as City Commission members

to pass a resolution and ordinance clearly and unquestionably dealing with the welfare and public health of the City of Pharr.

**IV.      No Clearly Established Right Violated-Fifth and 14th Amendments**

Other than speaking in conclusory assertions, Plaintiff in its Brief fails to identify what clearly established rights were violated by the individual Defendant City Commission members by virtue of the City Commission members voting to pass a resolution and ordinance specifically dealing with ambulance operation and regulation.

Plaintiff's Brief does not address the pled Fifth Amendment violations at all, or how there can be a clearly established right under the Fifth Amendment violated when the Fifth Amendment's due process clause applies only to violations of constitutional rights by the United States or a federal actor. There are no federal actors sued here nor any allegation that the Defendants are federal actors. ROA.500-511. Defendants are entitled to qualified immunity as there is no showing, nor pleading that any clearly established right was violated pursuant to the Fifth Amendment.

As to the Fourteenth Amendment violations, Plaintiff's Brief does not allege or show that the Complaint in any way, shape or form pleads *no conceivable rational basis* for the challenged legislative actions (here voting to pass the Resolution purchasing EMS assets and the Ordinance regulating EMS in the City). In fact,

Plaintiff's Brief does not address this at all, instead continuing to vaguely and conclusory assert that because two Individual Defendant Commission members had potential financial interests in local hospitals or ambulance companies, and because the City Commission may have discussed the matters in violation of TOMA, that there is no qualified immunity.

Consequently, Plaintiff does not even argue or assert, either in its Complaint or its Brief, that the actions at issue have no conceivable rational basis for their passage. Even if Plaintiff alleges or could show some improper motives by one or two City Commission Defendants or procedural irregularities[1], this does not nullify any rational relationship between the City Commission passing the Resolution and Ordinance and a legitimate objective of EMS operation and regulation. The *only* question in deciding whether a governmental action implicating a protected property right comports with substantive due process is if the action is rationally related to any conceivable legitimate government objective. *FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir.1996) *citing Energy Management Corp. v. City of Shreveport,* 467 F.3d 471, 481 (5th Cir.2006); *Simi Investment Co., Inc. v. Harris County, Texas,* 236 F.3d 240, 250–251 (5th Cir.2000). Emphasis Added.

"Motives" are irrelevant to the underlying question of whether there is a property right taken. "[T]he 'true' purpose of the [action], (i.e., the actual purpose

---

[1] Which Defendants vehemently dispute.

that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." *FM Properties,* 93 F.3d at 174. "The question is only whether a rational relationship exists between the [government action] and a *conceivable* legitimate objective." *FM Properties,* 93 F.3d at 174–175 (emphasis in original); *Simi Investment,* 236 F.3d at 251. Consequently, "motives" are irrelevant to the issue of whether the Fourteenth Amendment was violated with the passing of the Resolution and Ordinance and "motives" are thus irrelevant to the question of whether there was a clearly established right violated, or pled to have been violated. Plaintiff's Brief ignores this completely and does not even try to make a case for why ordinances dealing with EMS regulation somehow do not have a conceivable rational basis to legitimate governmental objectives.

There exists no clearly-established law violated in voting to pass such resolution and ordinance by the individual Defendants. In fact the opposite is the case in that clearly established law unquestionably holds that municipal ambulance regulation is lawful and that municipalities may operate their own ambulance services and thus buy and own their own ambulance assets. Clearly established law unquestionably holds municipal EMS regulation and operation to be lawful. Plaintiff ignores this completely. Thus it is clearly established that resolutions and ordinances of the kind challenged here are lawful. Each Defendant is entitled to qualified

immunity for voting to pass them and Plaintiff's Complaint fails for failing to alleged or overcome otherwise.

### V. No Clearly Established Right Violated-Anti-Trust Claims

Plaintiff' Brief is equally insufficient regarding the Defendants' qualified immunity as to its claims for violations of the Sherman Anti-Trust Act, §§ 1 et seq., 2, 3, 8, 15 U.S.C.A. §§ 1 et seq.,2, 3, 7; and Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15. ROA.500-511. Clearly established law unquestionably holds EMS regulation and operation to be lawful and unquestionably holds municipalities immune from antitrust scrutiny. *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). At the time of the votes, clearly established law further existed that a municipality falls within the Sherman Act's prohibition of private anticompetitive conduct unless the municipality can show that its activities were authorized by the state "pursuant to state policy to displace competition with regulation or monopoly public service." *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978) (plurality opinion).

Clearly established law in Texas exists that a municipality's operation of its own EMS service to the exclusion of others entitles the municipality to immunity from anti-trust challenge because Texas law has so clearly vested municipalities with extensive regulatory discretion over the emergency medical services industry. *Cent. Ambulance Serv., Inc. v. City of Dallas*, 631 F. Supp. 366, 369 (N.D. Tex. 1986).

Texas law clearly authorizes "anti-competitive" conduct with respect to EMS operation and regulation.[2]

Additionally, just as with the due process claims addressed above, clearly established law exists that the subjective "motives" of the legislative decision makers are irrelevant with respect to anti-trust claims once a municipality establishes it is entitled to state action immunity-which is the case in Texas. *See City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, —— – ——, 111 S.Ct. 1344, 1346–47, 113 L.Ed.2d 382 (1991); *Hancock Indus. v. Schaeffer,* 811 F.2d 225, 234 (3rd Cir.1987); *Consolidated Television Cable Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 361–62 (6th Cir.1988); *Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 856 (10th Cir. 1991).

Plaintiff's Brief does not address this nor tries to address this. Plaintiff's Brief continues to harp on "motives"; alleged "procedural errors" with the City Commission votes and vague and confusing generic arguments regarding qualified immunity analysis with respect to pleading. These "allegations" do not address clearly established law in Texas within the framework of voting for ordinances and resolutions emergency medical services industry.

---

[2] The Texas Tort Claims act defines operation of emergency ambulance service as a function given by the state as part of its sovereignty. Tex. Civ. Prac & Rem Code Sec. 101.0215. The Texas Constitution provides municipalities with inherent police powers pursuant to the Texas Constitution (Art 11 sec 5), and the legislature may define what is a governmental power (Art 11 sec. 13). Additionally, the Texas Local Government Code Chapter 252 excludes procurement requirements for EMS services. Tex. Loc. Govt Code Sec. 252.022.

The individual Commission members violated no clearly established law in voting to pass the ordinance and resolution at issue, regardless of Plaintiff's allegations of improper motives or conflicts of interest of Mayor Hernandez and City Commission Defendant Caballaro (while continuing to plead no facts at all even regarding the motives of the other Individual Defendants. The Mayor, along with each additional Commission member Defendant did not violate any clearly established laws-irrespective of their alleged motives in voting to pass the ordinance and resolution at issue.

## CONCLUSION

The Defendants continue to urge that the Trial Court erred in denying the Defendants' Motion to Dismiss as to their entitlement of qualified immunity. Defendants continue to urge that this issue is properly before this Court on appeal and that jurisdiction properly exists for this appeal.

SIGNED this 4th day of December 2023.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By:  /S/Robert L. Drinkard
ROBERT L. DRINKARD

        Attorney In Charge
        State Bar No. 24007128
        Fed I.D. No. 23712
        rldrinkard@rampagelaw.com

By:   /S/Ricardo J. Navarro
        RICARDO J. NAVARRO
        Of Counsel
        State Bar No. 14829100
        So. Dist Id No. 5953
        rjnavarro@rampagelaw.com

**COUNSEL FOR APPELLANTS ITZA FLORES, AMBROSIO HERNANDEZ, RICARDO MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO AND ROBERTO CARRILLO**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 4th day of December 2023.

Francisco R. Canseco**Via E-Filing Method**
Attorney At Law
19 Jackson Court
San Antonio, Texas 78230
Email: fcanseco@gmail.com
**Counsel for Appellee/Plaintiff**

/S/Robert L. Drinkard
ROBERT L. DRINKARD
RICARDO J. NAVARRO

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 28 and Federal Rule of Appellate Procedure 32, the undersigned certifies that this brief complies with the type-volume limitations of Rules 28 and 32(a)(7)(B). This Brief contains 1,883 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

By: /S/Robert L. Drinkard
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
Fed I.D. No. 23712
rldrinkard@rampagelaw.com

By: /S/Ricardo J. Navarro
RICARDO J. NAVARRO
Of Counsel
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com

**COUNSEL FOR APPELLANTS ITZA FLORES, AMBROSIO HERNANDEZ, RICARDO MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO AND ROBERTO CARRILLO**